IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANITA RILEY, | ) |
|          Plaintiff, | ) |
| vs. | ) No. 2:21-cv-00400-WED |
| GENERAL REVENUE CORPORATION, | ) Magistrate Judge William E. Duffin |
|          Defendant. | ) |

## ANSWER TO COMPLAINT

For its Answer to the Complaint filed by Plaintiff Anita Riley ("Plaintiff"), Defendant General Revenue Corporation ("Defendant" or "GRC"), by and through its undersigned counsel, states as follows:

### ANSWER

The numbered paragraphs below correspond to the paragraph numbers contained in the Plaintiff's Complaint. The headings used match those chosen by Plaintiff—they are included for ease of reference only and do not constitute any admission. GRC generally denies all allegations contained in the Complaint not expressly and specifically admitted, including all allegations contained in the headings and prayer for relief.

### INTRODUCTION

1. GRC admits that Plaintiff's Complaint purports to allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 421-427 ("WCA"). GRC denies that the WCA applies, denies any FDCPA

violation has occurred, denies that there has been any damage, and denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. GRC states that the allegations in Paragraph 2 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC denies the allegations in Paragraph 2.

## PARTIES

3. GRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3.

4. GRC states that the allegations in Paragraph 4 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to 15 U.S.C. § 1692a(3), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 4 that is inconsistent with the complete terms of the statute. Answering further, GRC admits that it sought to collect a debt that Plaintiff owes to Saint Leo University.

5. GRC states that the allegations in Paragraph 5 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to Wis. Stat. § 421.301(17), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 5 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and denies that the WCA applies. GRC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. GRC admits the allegations in Paragraph 6.

7. GRC admits that Plaintiff purports to cite to Wis. Stat. § 218.04 and Wis. Admin.

Code Ch. DFI-BKG 74, refers to that statute and administrative code section for their exclusive terms, and denies any allegation in Paragraph 7 that is inconsistent with their complete terms. Answering further, GRC admits that is licensed as a collection agency in Wisconsin.

8. GRC admits that CT Corporation is its registered agent for service of process in Wisconsin. GRC further admits that it does business in Wisconsin, and denies the remaining allegations in Paragraph 8.

9. GRC states that the allegations in Paragraph 9 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits it is in the business of debt collection and contacted Plaintiff via written communication regarding a debt owed to Saint Leo University. GRC denies the remaining allegations in Paragraph 9.

10. GRC states that the allegations in Paragraph 10 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits it is in the business of debt collection and sent a letter to Plaintiff regarding a debt owed to Saint Leo University. Answering further, GRC admits that Plaintiff purports to cite to 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3), refers to those statutes for their exclusive terms, denies any allegation in Paragraph 10 that is inconsistent with the complete terms of the statutes. Answering further, GRC denies that the cited statutes are a complete and accurate statement of the applicable law, denies that the WCA applies, and denies the remaining allegations in Paragraph 10.

## FACTUAL STATEMENT

11. GRC admits that it sent a letter to Plaintiff on or about December 18, 2020 (the "December 18 Letter") and that a redacted copy of the December 18 Letter is attached to Plaintiff's Complaint as Exhibit A. GRC refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 11 that is inconsistent with the complete terms of the letter.

12. GRC refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 12 that is inconsistent with the complete terms of the letter. GRC states that the remaining allegations in Paragraph 12 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to various provisions of the WCA and *Patzka v. Viterbo College,* 917 F. Supp. 654 (W.D. Wis. 1996), refers to the statute and case for their exclusive terms, and denies any allegation in Paragraph 12 that is inconsistent with the complete terms of the statute or case. Answering further, GRC denies that the cited case and statute are a complete and accurate statement of the applicable law, denies that student loan agreements entered into with a non-profit university, such as Saint Leo University, are "consumer credit transactions," denies that the WCA applies, and denies the remaining allegations in Paragraph 12.

13. GRC admits that Plaintiff purports to cite to the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 13 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 13.

14. GRC admits that Plaintiff purports to cite to the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 14 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 14.

15. GRC admits Plaintiff cites to the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 15 that is inconsistent with the complete terms of the letter. Answering further, GRC admits the December 18 Letter was the first written communication sent by GRC to Plaintiff. GRC lacks knowledge or information

sufficient to form a belief as to what Plaintiff "received."

16. GRC admits that Plaintiff purports to cite a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms and denies any allegation in Paragraph 16 that is inconsistent with the complete terms of the letter. Answering further, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692g, refers to that statute for its exclusive terms, denies any allegation in Paragraph 16 that is inconsistent with the complete terms of that statute, and denies the remaining allegations in Paragraph 16.

17. GRC admits that Plaintiff purports to cite a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 17 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 17.

18. GRC admits that Plaintiff purports to cite a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 18 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 18.

19. GRC states that the allegations in Paragraph 19 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to Wis. Stat. § 422.413(1), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 19 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and specifically denies that Wis. Stat. § 422.413(1) prohibits collection fees on Plaintiff's outstanding student loan to Saint Leo University, denies that the WCA applies, and denies the remaining allegations in Paragraph 19.

20. GRC states that the allegations in Paragraph 20 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to Wis. Stat. § 422.202, refers to that statute for its exclusive terms, and denies any allegation in Paragraph 20 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and specifically denies that Wis. Stat. § 422.202 prohibits collection fees on Plaintiff's outstanding student loan to Saint Leo University, denies that the WCA applies, and denies the remaining allegations in Paragraph 20.

21. GRC states that the allegations in Paragraph 21 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Patzka v. Viterbo College,* 917 F. Supp. 654 (W.D. Wis. 1996), refers to that case for its exclusive terms, and denies any allegation in Paragraph 21 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law and specifically denies the case prohibits collection fees on Plaintiff's outstanding student loan to Saint Leo University, denies that the WCA applies, and denies the remaining allegations in Paragraph 21.

22. GRC states that the allegations in Paragraph 22 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Seeger v. AFNI, Inc.,* 548 F. 3d 1107 (7th Cir. 2008), refers to that case for its exclusive terms, and denies any allegation in Paragraph 22 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law, and denies the remaining allegations in Paragraph 22.

23. GRC states that the allegations in Paragraph 23 call for a legal conclusion to which

no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to 34 C.F.R. § 674.43(b)(3), refers to that regulation for its exclusive terms, and denies any allegation in Paragraph 23 that is inconsistent with the complete terms of the regulation. Answering further, GRC denies that the cited regulation is a complete and accurate statement of the applicable law, denies that it is applicable to GRC or this case, and denies the remaining allegations in Paragraph 23.

24. GRC admits it has sent written letters to Plaintiff. GRC denies the remaining allegations in Paragraph 24.

25. GRC denies the allegations in Paragraph 25.

26. GRC states that the allegations in Paragraph 26 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 26 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 26.

27. GRC admits that Plaintiff purports to cite to a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 27 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 27.

28. GRC admits that Plaintiff purports to cite a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 28 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 28.

29. GRC admits that Plaintiff purports to cite to a portion of the December 18 Letter,

refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 29 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 29.

30. GRC states that the allegations in Paragraph 30 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Chuway v. Nat'l Action Fin. Servs.,* 362 F. 3d 944 (7th Cir. 2004), refers to that case for its exclusive terms, and denies any allegation in Paragraph 30 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law and denies the remaining allegations in Paragraph 30.

31. GRC states that the allegations in Paragraph 31 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Rizzo v. Pierce & Assocs.,* 351 F. 3d 791 (7th Cir. 2003), refers to that case for its exclusive terms, and denies any allegation in Paragraph 31 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law. GRC denies the remaining allegations in Paragraph 31.

32. GRC states that the allegations in Paragraph 32 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to a portion of the December 18 Letter, refers to the December 18 Letter for its exclusive terms, and denies any allegation in Paragraph 32 that is inconsistent with the complete terms of the letter. GRC denies the remaining allegations in Paragraph 32.

33. GRC states that the allegations in Paragraph 33 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Machnik v. RSI Enters.,* 2017 U.S. Dist. LEXIS 160772 (E.D. Wis. Sept. 29, 2017) and FTC

Staff Commentary, 53 Fed. Reg. 50097, 50106, refers to those citations for their exclusive terms, and denies any allegation in Paragraph 33 that is inconsistent with the complete terms of the cited case and commentary. Answering further, GRC denies that the cited case and commentary is a complete and accurate statement of the applicable law and denies the remaining allegations in Paragraph 33.

34. GRC denies the allegations in Paragraph 34.

35. GRC denies the allegations in Paragraph 35.

### *The FDCPA*

36. GRC admits that Plaintiff purports to cite to 15 U.S.C. §§ 1692(a)-1692(e), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 36 that is inconsistent with the complete terms of the statute. GRC denies the remaining allegations in Paragraph 36.

37. GRC states that the allegations in Paragraph 37 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to *Avila v. Rubin,* 84 F. 3d 222 (7th Cir. 1996), *Gammon v. GC Services, LP,* 27 F. 3d. 1254 (7th Cir. 1994), *Bartlett v. Heibl,* 128 F. 3d 497 (7th Cir. 1997) and *Beattie v. D.M. Collections, Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991), refers to those cases for their exclusive terms, and denies any allegation in Paragraph 37 that is inconsistent with the complete terms of the cited cases. GRC denies the remaining allegations in Paragraph 37.

38. GRC states that the allegations in Paragraph 38 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits that Plaintiff purports to cite to the *Consumer Credit Protection Act,* 15 U.S.C. §§ 1601 *et seq.*, and *Cirkot v. Diversified Fin. Servces, Inc.,* 839 F. Supp. 941 (D. Conn. 1993) refers to those citations for their exclusive terms, and denies any allegation in Paragraph 38 that is inconsistent with the complete terms of

the cited statutes and cases. GRC denies the remaining allegations in Paragraph 38.

39. GRC states that the allegations in Paragraph 39 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692e, refers to the statute for its exclusive terms, and denies any allegation in Paragraph 39 that is inconsistent with the complete terms of the statute.

40. GRC states that the allegations in Paragraph 40 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692e(2)(a), refers to the statute for its exclusive terms, and denies any allegation in Paragraph 40 that is inconsistent with the complete terms of the statute.

41. GRC states that the allegations in Paragraph 41 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692e(10), refers to the statute for its exclusive terms, and denies any allegation in Paragraph 41 that is inconsistent with the complete terms of the statute.

42. GRC states that the allegations in Paragraph 42 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692f, refers to the statute for its exclusive terms, and denies any allegation in Paragraph 42 that is inconsistent with the complete terms of the statute.

43. GRC states that the allegations in Paragraph 43 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to 15 U.S.C. § 1692f(1), refers to the statute for its exclusive terms, and denies any allegation in Paragraph 43 that is inconsistent with the complete terms of the statute.

44. GRC states that the allegations in Paragraph 44 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite

to a portion of 15 U.S.C. § 1692g(a), refers to the statute for its exclusive terms, and denies any allegation in Paragraph 44 that is inconsistent with the complete terms of the statute.

### *The WCA*

45. GRC states that the allegations in Paragraph 45 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. § 421.102(2), refers to the statute for its exclusive terms and denies any allegation in Paragraph 45 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law and denies the WCA applies.

46. GRC states that the allegations in Paragraph 46 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to *Kett v. Community Credit Plan, Inc.,* 228 Wis. 2d 1, 596 N.W. 2d 786 (1999), refers to the case for its exclusive terms, and denies any allegation in Paragraph 46 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited case is a complete and accurate statement of the applicable law, denies the WCA applies, and denies the remaining allegations in Paragraph 46.

47. GRC states that the allegations in Paragraph 47 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. §§ 421.102(1) and 425.301, refers to those statutes for their exclusive terms, denies any allegation in Paragraph 47 that is inconsistent with the complete terms of the statutes. Answering further, GRC denies that the cited statutes are a complete and accurate statement of the applicable law and denies the WCA applies.

48. GRC states that the allegations in Paragraph 48 call for a legal conclusion to which

no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 335 N.W.2d. 390 (1983), refers to that case for its exclusive terms, and denies any allegation in Paragraph 48 that is inconsistent with the complete terms of the case. Answering further, GRC denies that the cited cases are a complete and accurate statement of the applicable law and denies the WCA applies.

49. GRC states that the allegations in Paragraph 49 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. § 427.104, refers to that statute for its exclusive terms, and denies any allegation in Paragraph 49 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and denies the WCA applies.

50. GRC states that the allegations in Paragraph 50 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. §§ 426.109 and 426.110, refers to those statutes for their exclusive terms, and denies any allegation in Paragraph 50 that is inconsistent with the complete terms of the statutes. Answering further, GRC denies that the cited statutes are a complete and accurate statement of the applicable law and denies the WCA applies.

51. GRC states that the allegations in Paragraph 51 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. § 426.109, refers to that statute for its exclusive terms, and denies any allegation in Paragraph 51 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and denies the WCA applies.

52. GRC states that the allegations in Paragraph 52 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. §§ 422.202(1), 426.110(1), 426.110(4)(e), and 421.106(1), refers to those statutes for their exclusive terms, and denies any allegation in Paragraph 52 that is inconsistent with the complete terms of the statutes. Answering further, GRC denies that the cited statutes are a complete and accurate statement of the applicable law and denies the WCA applies.

53. GRC states that the allegations in Paragraph 53 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. §§ 427.104(1), 421.102(1), and the FDCPA, refers to those statutes for their exclusive terms, and denies any allegation in Paragraph 53 that is inconsistent with the complete terms of the statutes. Answering further, GRC denies that the cited statutes are a complete and accurate statement of the applicable law and denies the WCA applies.

54. GRC states that the allegations in Paragraph 54 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to *Brunton v. Nuvell Credit Corp.,* 785 N.W. 2d 302 and *Gammon v. GC Servs. Ltd. P'ship,* 27 F. 3d 1254 (7th Cir. 1994), refers to those cases for their exclusive terms, and denies any allegation in Paragraph 54 that is inconsistent with the complete terms of those cases. Answering further, GRC denies that the cited cases are a complete and accurate statement of the applicable law and denies the WCA applies.

55. GRC states that the allegations in Paragraph 55 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to a portion of Wis. Stat. § 427.104(1)(g), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 55 that is inconsistent with the complete terms of the statute.

Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and denies the WCA applies.

56. GRC states that the allegations in Paragraph 56 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. § 427.104(1)(h) and Wis. Admin. Code § DFI-Bkg 74.16(9), refers to those citations for their exclusive terms, and denies any allegation in Paragraph 56 that is inconsistent with the complete terms of the cited statute and code section. Answering further, GRC denies that the cited authority is a complete and accurate statement of the applicable law and denies the WCA applies.

57. GRC states that the allegations in Paragraph 57 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Stat. § 427.104(1)(j), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 57 that is inconsistent with the complete terms of the statute. Answering further, GRC denies that the cited statute is a complete and accurate statement of the applicable law and denies the WCA applies.

58. GRC states that the allegations in Paragraph 58 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC admits Plaintiff purports to cite to Wis. Admin. Code DFI-BKg 74.16(9), refers to that code provision for its exclusive terms, and denies any allegation in Paragraph 58 that is inconsistent with the complete terms of the code. Answering further, GRC denies that the cited code is a complete and accurate statement of the applicable law and denies the WCA applies.

## COUNT I – FDCPA

59. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

14
Case 2:21-cv-00400-WED   Filed 04/27/21   Page 14 of 20   Document 7

60. GRC denies the allegations in Paragraph 60.

61. GRC denies the allegations in Paragraph 61.

## COUNT II – WCA

62. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

63. GRC denies the allegations in Paragraph 63.

64. GRC denies the allegations in Paragraph 64.

## COUNT III – FDCPA

65. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

66. GRC denies the allegations in Paragraph 66.

67. GRC denies the allegations in Paragraph 67.

## COUNT IV – WCA

68. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

69. GRC denies the allegations in Paragraph 69.

70. GRC denies the allegations in Paragraph 70.

## COUNT V – FDCPA

71. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

72. GRC states it is without information sufficient to form a belief as to the truth of the allegations in Paragraph 72 in the Complaint. Answering further, GRC denies that it is liable under either Count V or Count VI, and denies all wrongdoing alleged in those Counts.

73. GRC denies the allegations in Paragraph 73.

74. GRC denies the allegations in Paragraph 74.

## COUNT VI – FDCPA

75. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

76. GRC states it is without information sufficient to form a belief as to the truth of the allegations in Paragraph 76 in the Complaint. Answering further, GRC denies that it is liable under either Count VI or Count V, and denies all wrongdoing alleged in those Counts.

77. GRC denies the allegations in Paragraph 77.

78. GRC denies the allegations in Paragraph 78.

79. GRC denies the allegations in Paragraph 79.

## COUNT VII – WCA

80. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

81. GRC states it is without information sufficient to form a belief as to the truth of the allegations in Paragraph 81 in the Complaint. Answering further, GRC denies that it is liable under either Count VII or Count VIII, and denies all wrongdoing alleged in those Counts.

82. GRC denies the allegations in Paragraph 82.

83. GRC denies the allegations in Paragraph 83.

## COUNT VIII – WCA

84. GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

85. GRC states it is without information sufficient to form a belief as to the truth of the

allegations in Paragraph 85 in the Complaint. Answering further, GRC denies that it is liable under either Count VIII or Count VII, and denies all wrongdoing alleged in those Counts.

86. GRC denies the allegations in Paragraph 86.

87. GRC denies the allegations in Paragraph 87.

88. GRC denies the allegations in Paragraph 88.

## **CLASS ALLEGATIONS**

89. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 89.

90. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 90.

91. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 91.

92. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 92.

93. GRC admits that Plaintiff has retained counsel, and that Plaintiff purports to bring this lawsuit as a class action. GRC denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 93.

94. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies

the remaining allegations in Paragraph 94.

## JURY DEMAND

95. GRC admits Plaintiff purports to demand a trial by Jury.

## PRAYER FOR RELIEF

GRC denies that Plaintiff is entitled to any of the remedies sought in her prayer for relief.

## AFFIRMATIVE DEFENSES

GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint. For its Affirmative Defenses, GRC further states as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent GRC is found to have violated the FDCPA, which it denies, any such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable diligence to mitigate her harm/damages (if any were in fact suffered, which is denied), and therefore any damages awarded to her should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury in fact that is fairly traceable to the challenged conduct of Defendant and that is likely to be redressed by a favorable judicial decision, and therefore lacks standing under Article III of the United States Constitution to bring the instant claim.

## FOURTH AFFIRMATIVE DEFENSE

Each putative class member has not suffered an injury in fact that is fairly traceable to the challenged conduct of Defendant and that is likely to be redressed by a favorable judicial decision,

and therefore lacks standing under Article III of the United States Constitution making the treatment of this matter as a class action improper, and/or individual issues as to this Article III standing determination will predominate making treatment of this matter as a class action improper.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GRC denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of GRC.

### SEVENTH AFFIRMATIVE DEFENSE

GRC reserves the right to assert any additional affirmative defense that may be discovered or disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant General Revenue Corporation demands judgment in its favor and against Plaintiff Anita Riley on all claims asserted in the Complaint, together with costs of suit, attorneys' fees, and any further relief that Court deems to be just and proper.

| | |
|---|---|
| Dated: April 27, 2021 | By: /s/ *William P. McKinley*<br>William P. McKinley SBN # 1072959<br>MENN LAW FIRM, LTD.<br>2501 E. Enterprise Ave.<br>Appleton, Wisconsin 54912<br>Email: WilliamMckinley@mennlaw.com<br>Tel: (920) 731-6631<br>Fax (920) 560 4757 |
| | -and- |
| | /s/ *Jacob D. Rhode*<br>KEATING MUETHING AND KLEKAMP, PLL<br>One East Fourth Street, Suite 1400<br>Cincinnati, Ohio 45202<br>Tel. (513)579-6400<br>Fax. (513)579-6457<br>jrhode@kmklaw.com |
| | *Counsel for Defendant General Revenue Corporation* |

## CERTIFICATE OF SERVICE

I certify that on April 27, 2021, I electronically filed the foregoing document with the clerk of court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                                                                                    /s/ *Jacob D. Rhode*

10761941